# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DEJUAN J. HOBBS and ) | Case No. 23-32545(1)(13) |
| BRIEANNA A. HOBBS ) | |
| ) | |
| Debtor(s) ) | |
| ) | |
| DAVID KROMMES, DONNA KROMMES, ) | A.P. No. 23-03020 |
| MICAH WILSON and SHEA WILSON ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEJUAN J. HOBBS and ) | |
| BRIEANNA HOBBS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Amended Motion for Summary Judgment of Creditors/Plaintiffs David Krommes, Donna Krommes, Micah Wilson and Shea Wilson (hereinafter referred to as the "Plaintiffs" or "Buyers") against Defendants Dejuan J. Hobbs and Brieanna Hobbs (hereinafter referred to as "Debtors" or "Sellers"). The Court considered the comments of the parties at the hearing held on the matter, as well as the Amended Motion for Summary Judgment filed by Plaintiffs and the Response to the Amended Motion for Summary Judgment filed by the Debtors. For the following reasons, the Court will enter the accompanying Order **GRANTING** the Amended Motion for Summary Judgment of the Plaintiffs.

**UNDISPUTED FACTS**

On or about August 17, 2019, the Debtors entered into a standard Greater Louisville Association of Realtors, Inc. Contract (hereinafter the "Contract") with the Plaintiffs for the real property located at 6600 East Manslick Road, Louisville, KY 40228 (hereinafter "the Property"). Pursuant to Section 8 of the Contract, the Buyers acknowledged receipt of the Sellers Disclosure of Property Condition (hereinafter referred to as "Disclosure").

Under Section 7 of the Disclosure, the Sellers marked "No" next to Category 5–Septic Tank with drain field, lagoon wetland, other onsite dispersals, and marked "Yes" to Category 6–Septic Tank with dispersals to an offsite, multi-property cluster treatment system. Actually, the Sellers should have marked "Yes" to Category 5 and "No" to Category 6.

A dispute arose concerning the Contract between the Buyers and the Sellers and the matter was submitted to arbitration pursuant to The Greater Louisville Association of Realtors regarding certain disclosures made relating to the Property. The Plaintiffs appeared at the arbitration with their counsel and the Hobbs appeared *pro se*. The arbitrator, Jessica D. Smith, submitted a 12-page report summarizing her findings following the testimony of the witnesses that appeared at the arbitration. The witnesses included the Plaintiffs, the Debtors and Kurt Franck. Mr. Franck owns a company, K. Franck Enterprises, that specializes in septic repairs and installations.

The testimony from the arbitration related the following facts: when the Plaintiffs purchased the home they relied on the Sellers' Disclosure, which was inadequate. Mr. Franck testified at the arbitration that the Sellers had extensive repairs performed on the septic system in February of 2018. Furthermore, Mr. Franck indicated that the Debtors had been informed as to the type of septic system they had on the Property, as well as being informed that the system was insufficient for the size of

the Property. The Sellers knew that there were sewage issues at the time the repairs were made to the system. Despite these facts and the Sellers' knowledge of the problems with the septic system, none of these items were disclosed to the Buyers.

In November 2019, the Buyers began having issues with the septic system backing up. Ultimately, the Jefferson County Metro Government issued a citation to the Buyers for sewage backing up and being exposed through the ground and into the atmosphere. Due to the size of the Property, a request by the Buyers for a variance to increase the size of the lateral fields to help with disbursements was denied. As a result, it was determined that an entire new septic system is needed to be installed after removal of the existing system.

The arbitration was held on August 4, 2021. The Sellers legal counsel withdrew from representing the Sellers two to three months prior to the date of the arbitration. The Sellers, however, decided to represent themselves at the arbitration.

A detailed summary of the testimony of the arbitration is contained in the award, attached as Exhibit A to the Buyers' Motion for Summary Judgment. The arbitrator summarized the testimony of the witnesses at the arbitration which included testimony from the Plaintiffs, the Defendants, and Kurt Franck. The arbitrator entered an award following the arbitration in favor of the Buyers based upon fraud and fraudulent omissions.

The award to the Buyers consisted of compensatory damages totaling $58,824.66, costs of $3,256.60, attorneys' fees of $4,760 and post-judgment interest at the rate of 6%, pursuant to KRS 360.040. None of the award has been paid to the Plaintiffs and the Debtors have not challenged the award.

On December 14, 2021, Plaintiffs filed an action to confirm the arbitration award in Jefferson Circuit Court under Case No. 21-CI-7017. The Debtors were served with Summons but failed to file an answer or other responsive pleading and a Default Judgment was entered confirming the award to the Plaintiffs. Debtors did not appeal from the Judgment.

A Bill of Discovery was issued to the Debtors on July 19, 2023 and depositions were taken. On September 25, 2023, a garnishment was issued against the Debtors and Debtors challenged it on October 11, 2023.

On November 6, 2023, the Debtors filed their Petition seeking relief under Chapter 13 of the Untied States Bankruptcy Code.

## LEGAL ANALYSIS

On December 12, 2023, the Plaintiffs initiated this Adversary Proceeding against the Debtors. The Plaintiffs seek a determination as to the dischargeability of the debt owed to them by the Debtors. The total "debt" is the amount awarded to the Plaintiffs against the Debtors totaling $58,824.66 with post-judgment interest accruing at the rate of 6% per annum, plus costs of $3,256.50 and attorneys' fees of $4,760. The Judgment was certified on July 12, 2023 by the Jefferson Circuit Court in Case No. 21-CI-7017.

The facts of this case as set forth in the Plaintiffs' Amended Motion for Summary Judgment are undisputed. The Debtors represented themselves, *pro se*, at the arbitration action. The arbitrator ruled, based upon the evidence presented at the arbitration, that the Debtors failed to disclose to the Plaintiffs serious issues concerning the septic system on the Property when it was purchased by the Plaintiffs. Debtors improperly indicated to Plaintiffs that the septic tank had "dispersal to an offsite,

multi-property cluster treatment system," when in fact, it did not have such a system. This resulted in numerous problems with the septic system which required extensive and expensive repairs by the Plaintiffs. The sewage problems were so bad that the Jefferson Metro Government issued a citation to the Plaintiffs for backed up sewage which was exposed into the atmosphere.

In Kentucky, a court may only set aside an arbitration award pursuant to those grounds listed within the Kentucky Uniform Arbitration Act and ". . . any claim that the arbitrator misapplied the law of damages or failed to properly resolve the facts of the case are not subject to review by the courts." *Meers v. Semonin Realtors*, 525 S.W.3d 545, 550 (Ky. App. 2017), quoting *Ison v. Robertson*, 411 S.W.3d 766, 770 (Ky. App. 2013).

Under KRS 417.160 and 417.170, the Debtors had 90 days to challenge the award, which they failed to do. Considering these facts, along with the fact that the Plaintiffs filed an action in the Jefferson Circuit Court pursuant to KRS 417.150, to confirm the award, and Debtors failed to file a response or challenge the filing, Debtors have no legal basis to now challenge the arbitration award. Despite taking the matter to arbitration and obtaining an award in their favor, the Plaintiffs have been unable to collect on their Judgment.

On October 25, 2023, Debtors filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. The Plaintiffs filed this Adversary Proceeding to prevent the Defendants from discharging the amount awarded to them in the arbitration, pursuant to 11 U.S.C. § 523(a)(2)(A). The statute provides, in pertinent part:

> (a) a discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> . . . .

> (2) for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by –
>
> A. False pretense, a false representation, or actual fraud, other than a statement respecting the debtors or an insider's financial condition.

While this section of the Code refers to exceptions to discharge under Chapter 7, and the Debtors' case is one arising under Chapter 13, 11 U.S.C. § 1328(c)(2), provides:

> A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt –
>
> . . . .
>
> (2) of a kind specified in section 523(a) of this title.

Thus, the exception to discharge under 11 U.S.C. § 523(a)(2)(A), extends to Chapter 13 cases such as the Debtors' case. *See*, *In re Coffey*, 2018 WL 1162535 (W.D. Ky. 2018).

In *In re Rembert*, 141 F.3d 277 (6th Cir. 1998), the Court stated that in order to except a debt from discharge, the creditor must prove each of the following elements under § 523(a)(2)(A), by a preponderance of the evidence:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
>
> (2) the debtor intended to deceive the creditors;
>
> (3) the creditor justifiably relied on the false representation; and
>
> (4) its reliance was the proximate cause of the loss.

*Id.* at 280-81.

A review of the arbitration award establishes each of these necessary elements to support the Plaintiffs' claims in this case. *See* page 9-11 under Section III and the Conclusions of Law of the

Arbitration Award attached to Exhibit A of Plaintiffs' Amended Motion for Summary Judgment. The Plaintiffs justifiably relied on the false representations made by the Debtors regarding the condition of the Property in the Sellers' Disclosure. Both of the Debtors signed the Sellers Disclosure Form, as well as the Purchase and Sales Contract. Each of the elements required to prove a claim of fraud are set forth in the arbitration award.

The award, at pages 9-11, sets forth the details regarding the misrepresentations made by the Debtors in the Seller Disclosure Form and the Purchase and Sales Contract. *See* the Plaintiffs' Amended Motion for Summary Judgment at pages 8-9. The arbitration award was detailed and provided facts regarding the Debtors misrepresentations on the type of septic system and their claims that there were no problems with the system. Mr. Franck testified that he notified the Debtors that the septic system was under sized based on the number of bedrooms in the home.

Mr. Hobbs testified at the arbitration that he had experienced problems with the septic system and had experienced sewage problems. Mr. Franck had advised him that the repairs he was making might not fix the problem. Despite this testimony, the Debtors did not inform the Plaintiffs of these issues. Instead they entered into the Sellers Disclosure Form which omitted any reference to these problems. It is clear to the Court from these facts that the Debtors' actions were made with intent to deceive the Plaintiffs.

In response to the Plaintiffs Amended Motion for Summary Judgment, the Debtors claim that their inability to hire legal counsel to represent them at the arbitration altered their ability to "prepare adequately for that proceeding and consequently resulted in the inevitable and overly punitive Arbitration Award." These claims are insufficient to defeat the Plaintiffs Amended Motion for Summary Judgment. The Debtors had ample time to hire counsel before the Arbitration occurred.

However, it was the Debtors failure to disclose the septic system problems to the Plaintiffs that was the proximate cause of the damages suffered by the Plaintiffs. The arbitration award was based on the actual costs incurred by the Plaintiffs in dealing with the undisclosed problems with the septic system. The award was not "overly punitive."

The Plaintiffs relied to their detriment on the representations made by the Debtors in the Seller Disclosure Form. Furthermore, the damages the Plaintiffs suffered were the direct and proximate result of their reliance on the Seller Disclosure Form. All of the elements required to establish a claim of actual fraud are present in the arbitration award.

## CONCLUSION

For all of the above reasons, the Court finds that Judgment should be entered in the Plaintiffs' favor confirming that the debt owed to the Plaintiffs by the Debtors is nondischargeable pursuant to 11 U.S.C. § 1328(c)(2) and 11 U.S.C. § 523(a)(2)(A). An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 12, 2024

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DEJUAN J. HOBBS and | ) | Case No. 23-32545(1)(13) |
| BRIEANNA A. HOBBS | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| DAVID KROMMES, DONNA KROMMES, | ) | A.P. No. 23-03020 |
| MICAH WILSON and SHEA WILSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEJUAN J. HOBBS and | ) | |
| BRIEANNA HOBBS | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Amended Motion for Summary Judgment filed by Plaintiffs David Krommes, Donna Krommes, Micah Wilson Shea Wilson, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 12, 2024